## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDRE JOHNSON (#375946)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **19-896-BAJ-RLB** |
| **MARCUS JONES** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                                      CIVIL ACTION

VERSUS

                                                             19-896-BAJ-RLB

MARCUS JONES

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Marcus Jones (R. Doc. 21).  The motion is opposed.  *See* R. Doc. 25.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated due to retaliation.  He prays for monetary and declaratory relief.

The defendant first asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges that on November 19, 2018 he engaged in protected speech on the part of a white EMT who was being subjected to racial remarks while having urine and feces thrown on him. The plaintiff's remarks in favor of the EMT angered Nicholas Sanders. Sanders stood in front of the plaintiff's cell, waved his fists in the air, and made obscene remarks before punching the plaintiff in his chest through the cell bars. Defendant Jones then sprayed the plaintiff with a chemical agent while the plaintiff was in his cell. Shortly after a cell entry team was called and plaintiff was pulled out of his top bunk causing him to fall headfirst on the concrete floor. While on the floor, the plaintiff was beaten by Nicholas Sanders and other members of the cell entry team.

On the same date, defendant Jones filed a false disciplinary report against the plaintiff and also falsely claimed that the plaintiff was allowed to shower and was issued a clean jumpsuit. Since the plaintiff was not allowed to wash away the chemical agent, he was

temporarily blind in his left eye for four months and the sight in both eyes remains blurry. The actions of defendant Jones are part of a pattern of false disciplinary actions taken against the plaintiff in retaliation on behalf of defendant Sanders and numerous other officers because the plaintiff threatened to inform the FBI of false write ups, drugs and cell phones being sold by security, and young female officers being forced to transport contraband and perform sexual favors.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

Undertaking the foregoing analysis, the Court finds that the plaintiff has failed to allege that there is direct evidence of motivation or a chronology of events from which retaliation may be plausibly inferred. The plaintiff alleges that, on an unspecified date, he stated to an unspecified person that he was going to inform the FBI of certain misconduct by unspecified correctional officers at LSP. The plaintiff further alleges that a campaign of retaliatory actions against him began on October 21, 2018 and culminated on August 31, 2019 when correctional officers attempted to kill the plaintiff. The actions of defendant Jones on November 19, 2018 are alleged to be part of this campaign of retaliatory acts. Without any specific information regarding the plaintiff's alleged statement that he would inform the FBI of misconduct by correctional officers, the Court cannot say that the plaintiff has alleged a chronology of events from which retaliation may plausibly be inferred.

Rather, based on the plaintiff's allegations, it appears that on November 19, 2018 other inmates were engaging in behavior that disturbed the order of the institution and the plaintiff attempted to intervene in the same rather than allowing correctional officers to remedy the situation. Nevertheless, the plaintiff should be given an opportunity to amend his Complaint to include details[1] concerning his alleged statement regarding reporting misconduct of correctional officers to the FBI.

---

[1] Said details should include the date the plaintiff made the alleged statement, to whom he made the statement, about whom the statement was regarding, and how the alleged statement relates to defendant Jones.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff be permitted to amend his Complaint as stated herein, and that defendants' Motion to Dismiss (R. Doc. 21) be denied, without prejudice to refiling within 21 days of the filing of the plaintiff's Amended Complaint. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**