# EXHIBIT A

**U.S. DEPARTMENT OF JUSTICE**
FEDERAL BUREAU OF INVESTIGATION

**John M. Rothleuther** "J.R."
Special Agent
New Orleans Division
Baton Rouge Resident Agency

18134 E. Petroleum Drive
Baton Rouge, LA 70809

Telephone: 225 291-1067
Fax: 225 291-1430
Cell: 225 337-5363

EXHIBIT B



**APAP/ASA/CAFF**
**250/250/65 mg Tab**
Major        44    159
Lot #: P122144          Packed By: YB/ML
EXP: 02/12/22          Packed On: 02/12/21

309045135594

LSP PHARMACY
17544 TUNICA TRACE ANGOLA, LA 70712 (225) 65
JOHNSON, ANDRA A                              KOP
DOC# 375946      MW-HIC 1
O.D. 12/03/20      Rx 861106      Dr. BORDELON N.P.,
TAKE 2 TABLETS BY MOUTH TWICE A DAY AS
NEEDED

EXHIBIT-B    H1-1

ACET/ASA/CAFF 250/250/65
TAB(EXCEDRIN)                    Qty  60.00 R CASHIO RP
D/C DATE 12/03/21              (03/07/2021)

START

60  50  40  30  20  10
59  49  39  29  19  9
58  48  38  28  18  8
57  47  37  27  17  7
56  46  36  26  16  6
55  45  35  25  15  5
54  44  34  24  14  4
53  43  33  23  13  3
52  42  32  22  12  2
51  41  31  21  11  1

REORDER

℞ SYSTEMSᴵɴᴄ

EXHIBIT-C



**Naproxen**     **500 MG**
TAB     **QTY: 60**
**NDC#:** 65162019050     BATCH#:
**EXPIRES: 2/19/22**     ID#:
LOT#: AR190832A
DIST/MFG: AMNEAL PHARMAC
PK: 2/19/21     INT: TL/GB
IP 190 500

EXHIBIT-C

LSP PHARMACY
17544 TUNICA TRACE ANGOLA, LA 70712 (225) 65
JOHNSON, ANDRA A     KOP
DOC# 375946     MW-HIC 1
O.D. 12/03/20     Rx 861107     Dr. BORDELON N.P.,
TAKE 1 TABLET BY MOUTH   TWICE A DAY AS
NEEDED FOR PAIN

HH

NAPROXEN 500 MG     Qty 60.00 GRANT BOATR
TAB(NAPROSYN)     (03/12/2021)
D/C DATE 12/03/21

EXHIBIT D



**PROPRANOLOL LA**    160 MG
CP24    QTY: 60
NDC#: 51991082001    BATCH#:
EXPIRES: 2/1/2022    ID#:
LOT#:
DIST/MFG: BRECKENRIDGE
PK. 2/1/2021    INT. CR/MBL
160 RD203

LSP PHARMACY
17544 TUNICA TRACE ANGOLA, LA 70712 (225) 65
JOHNSON, ANDRA A    KOP
DOC# 375946    MW-HIC 1
O.D. 08/25/20    Rx 844490    Dr. MACMURDO, HAL,
TAKE 1 CAPSULE BY MOUTH EVERY DAY

EXHIBIT D   H1-2   CR

PROPRANOLOL LA 160 MG    Qty 60.00 M LABATUT R
CP2(INDERAL LA)    (02/01/2021)
D/C DATE 08/25/21

REORDER

Rx SYSTEMSINC



EXHIBIT G

# A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
## 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON     #375946

_____     _____
Plaintiff          Inmate Number

VERSUS

MARCUS JONES
_____

_____

_____

_____

(Enter above the full name of each
defendant in this action.)

Electronic Filing Pilot Program

In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2012-01, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

1

You will note that you are required to give facts.  THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, DO NOT INCLUDE EXHIBITS.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.    Previous Lawsuits

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes (  )  No (✓)

B.  If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
    Plaintiff(s): _____ NA _____

    _____

    Defendant(s): _____ NA _____

    _____

2. Court (if federal court, name the district; if state court, name the parish):
    _____ NA _____

    _____

3. Docket number: _____ NA _____

4. Name of judge to whom case was assigned: _____ NA _____

    _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
    _____ NA _____

    _____

6. Date of filing lawsuit: _____ NA _____

7. Date of disposition: _____ NA _____

C.  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
    Yes (  )        No (✓)

2

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

N A

_____

II.    Place of present confinement: Louisiana State Prison

A. Is there a prisoner grievance procedure in this institution?
    Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. 2019- 0384

2. What steps did you take? ALL STEPS WERE TAKEN

3. What was the result? Wrongfully denied at all steps, ruling were not supported by any evidence.

D. If your answer is No, explain why not: _____

III.   Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) ANDRE JOHNSON #375946
   Address Camp C Jag 1-Left-12, LSP, Angola La 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

3

B. Defendant MARCUS JONES _____ is employed as MAJOR _____ at Louisiana State Penitentiary _____

C. Additional Defendants: _____
_____
_____
_____

IV.    Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

At all times to this case, Plaintiff Andre Johnson was house at the Louisiana State Penitentiary. On November 19, 2018 "deliberately" filed false disciplinary charges by Marcus Jones (that "AFTER HE SPRAYED ANDRE JOHNSON WITH A CHEMICAL AGENT HE REMOVE HIM FROM HIS CELL, PLACE ANDRE JOHNSON INSIDE THE SHOWER TO REMOVE THE CHEMICAL AGENT AND ISSUED HIM A CLEAN JUMP SUIT.") in retaliation for Nicholas Sanders Excessive Force. Review of CBD Administrative Lockdown cameras video recording footages Provide "UNDISPUTED" evidence that Marcus Jones "DID NOT" remove Andre Johnson out his cell, Place him in the shower and Issued him a clean jump suit as fabricated in his disciplinary Report. Andre Johnson lost sight in his left eye for four months, as of today both eyes have pain, blurry and cause pain to his head when he can not get his

4

Prescribe medication.

"The Prison officials themselves were supposed to review CBD Administrative lockdown Tier Cameras Video recording for exculpatory video evidence as Andre Johnson requested, and they did not. Because the prison did not review any of the exculpatory recorded evidence Andre Johnson Due process was Violated.

"LSP ruling was "not" supported by any evidence." All LSP could state in there frivolous ruling was:

"Major Marcus Jones states that You are Claiming that You were not allowed to shower after having been exposed to Chemical Agent(s)".

Andre Johnson did "not" Clam, You are claiming that You were not allowed to shower after having been exposed to Chemical Agent(s).

Andre Johnson Claims that Marcus Jones "intentionally" filed false disciplinary charges that after Marcus Jones sprayed Andre Johnson with a chemical agent, he remove him from his cell, place Andre Johnson in the Shower to remove the chemical agent and issued him a clean jump suit, is part of a pattern of false disciplinary actions taken against him, in retaliation for his exercise of a Constitutional right.

Marcus Jones had "Knowingly and falsely" issued "unjustified" disciplinary ticket. ALSO, Andre Johnson

5

was denied the procedural due process protections first set forth in [Wolf v. Mc Donnell, 418 u.s. 539, 94 s.ct. 2963, 41 L. Ed. 2d 935 (1974)] After marcus Jones falsified his disciplinary report that he went to Andre Johnson cell and offered him a advance written notice of the charge no less than 24 hours before the hearing but Andre Johnson refuse the Disciplinary report. "CBD Administrative lockdown video cameras recording footages provide "UNDISPUTED" evidence that marcus Jones "NEVER" appeared before CBD CELL TWO WITH an advance written notice of Andre Johnson charge in his hand and offer the disciplinary report to Andre Johnson, Andre Johnson was "NOT" afforded the basic Protections required by due Process, to be given advance copy of the written notice. Prison Officials themselves were supposed to review CBD Administrative lockdown tier video cameras recording for exculpatory video evidence as Andre Johnson requested, and they did not.

The case number ARP LSP-2019-0135 that was wrongfully offered against Andre Johson were altered and falsified. The fact that case number ARP 2019-0135 FIRST STEP RESPONSE FORM used in evidence against him in LSP ruling differed from the dulicates furnished to Andre Johnson. An omission and an apparent inconsistency that

6

appeared on Andre Johnson's copies of "two" LSP-2019-0135 FIRST STEP RESPONSE FORMS (FIRST STEP RESPONDENT) had been fabricated. Therefore Andre Johnson Request for administrative Remedy "undisputedly" had been "altered and falsified at the First Level. The alterd and falsified ruling indicated: ("All the issue in ARP LSP-2019-0384 have already been address in ARP-2019-0135 and will not be address again").

Let the Record reflect "ARP-2019-0384 had ("NOT") been address in ARP 2019-0135 ("NO WHERE"). LSP 2019-0135 do "NOT" indicate nothing about a "Shower or Jump Suite." LSP 2019-0384 FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT) was "falsified," the "alter" part relating after Andre Johnson was sprayed, he was taken to LSP Treatment Center, Then he was taken to Tu and place on 4 point by Nicholas Sanders, evidence was "alter" because CBD unit cameras video footages "NEVER" showed Andre Johnson removed from his cell and place in a Shower nor given a Orange Jump suit. CBD unit Cameras Video recording do "UNDISPUTEDLY" indicate Andre Johnson "ONLY" been taken out CBD unit front door to LSP Treatment center, The Video cameras recording footages "NEVER" will Show Andre Johnson being Place in the shower. The ruling was not supported by any evidence.

7

This is a ongoing violation of Andre Johnson Constitutional rights. Andre Johnson have been in Administrative lockdown for 395 days and count. Marcus Jones generated fraudulent report is part of a pattern of false actions taken against Andre Johnson in retaliation for Derrick Davis and Nicholas Sanders. Andre Johnson claim does infact set forth a chronology of events from which retaliatory animus on the part of Marcus Jones could arguably be inferred. The chronology of events in Andre Johnson case, as demonstrated by the record, is as follows: Andre Johnson have wrongfully been submitted 13 false Disciplinary reports by marcus Jones and other corrupted officer. from the months of October 21, 2018 through August 31, 2019. Review of LSP Video recording footages will prove Andre Johnson is innocence to all "13 false retaliatory write Ups:

1). October 21, 2018: Falsified Disciplinary Report rule 30W by Lt. Col Knight and Major Bernard

2). October 21, 2018: Falsified Disciplinary Report rule 3 and 5 by Lt. Derrick Davis "Excessive force and Guard Burtality" (Lt. Davis grabbed Andre Johnson why his hands were behind his back in handcuffs to increase the pain

(8)

making him cry out in pain, making the handcuffs tighter") (" Lt. Davis Slammed Andre Johnson head first onto CBB Concrete sidewalk why his hands were behind his back in handcuffs"), Then (" Lt. Davis place his knee in Andre Johnson Chest and press all his weight into his chest"), (" Lt. Davis sprayed Andre Johnson why he was behind bars with the maximum amount Chemical Agent in his face, when there was no reason to do so") See("CBB Administrative Video Camera footages, Captain Sibleys Body Camera, CBD unit Lockdown lobby video camera, CBD lockdown unit show and tier Videos")

3). October 21, 2018: Falsified Disciplinary by Lt. Straudater rule was 30w?

4). Falsified Disciplinary Report by Capt Marcus Jones. Andre Johnson was sprayed with the maximum amount of chemical agent why he was behind Cell bar, when there was no reason to be Sprayed. See (CBD Administratives lockdown tier Cameras).

5). November 19, 2018: False Disciplinary report rules 3 and 5 by Lt. Col. Nicholas Sanders. ("CBD Administratives lockdown tier video recording footages will reveal Nicholas Sanders retaliated against Andre Johnson for his protected speech activities. ("Standing on CBD tier infront cell two [directing obscene remarks] using excessive force displaying his fists in the air, waving his fists toward Andre Johnson then "Punch through CBD Cell" two bars Striken Andre Johnson in the Chest") for his Protected Speech on behalf of the white EMTs that were getting urine thrown on them, feces thrown on them, threaten and racial remarks direct at them. "Marcus Jones sprayed Andre Johnson with the maximum amount of chemical agent why he was in the cell without windows or vents." Andre Johnson was yanked off the top bed, causing him to fail head first onto the concrete floor. While on the floor Nicholas Sanders and cell entry team savagely beat Andre Johnson.

6). November 19, 2018: False Disciplinary Report in retalaition for Nicholas Sanders

(10)

Captain Marcus Jones deliberately filied false document that "After he Sprayed Andre Johnson with a chemical agent he remove Andre Johnson from his cell, place him in the Shower to wash away the chemical agent and Issued him a clean Jumpsuit". ("CBD tier Video camera recording footage "DO NOT" Show Marcus Jones remove Andre Johnson from his CBD cell two lower and place Andre Johnson in the shower after Marcus Jones sprayed him with the maximum amount of chemical agent in his face, causing him to go blind in his left eye for four months. Andre Johnson can not see to good out of his eyes, both eyes are very blurry and lose sight.

7). March 20, 2019: Nicholas Sanders is caught on ("Camp D Raven 1-Left-tier Camera video recording) in Violation of Andre Johnson civil rights, in form of retaliation, Harassment, and threaten Andre Johnson." Nicholas Sanders use of excessive force against Andre Johnson when there was no need for force. See (Camp D Raven tier Video footage on 3·20·19), See (Camp D Raven Lobby video recording footage) see (Camp D Raven 1-Left-outdoors

Breezway Camera recording footages on 3·22·19) (ARP LSP 20190653)

8.) March 22,2019 : Nicholas sanders falsified document, retaliation and threates. Violated Andre Johnson first, eighth and fourteenth Amendent. "Nicholas sanders use of excessive force when there was no need", Violation of Andre Johnson due process rights requirment in Wolff v Mc Donnell, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L. Ed. 2d (1974), requirements was not met. and retaliated against him for filing numerous ARP(s)

9) March 24, 2019 : Herman Holmes Violated Andre Johnson first Amendment right of Petition by bring false disciplinary for his use of numerous Prison grievance Procedures.

10). July 17, 2019: Joseph F.G. Lamartiniere and Nicholas Sanders had a inmate throw urine on Andre Johnson three different times, twice when he was inside the Shower and once after he got out the shower.

11). On July 18 2019 : Joseph Lamartiniere and Nicholas sander had a inmate

⑨ 12

throw feces, urine, stripe and hot oil on Andre Johnson.

Augst 31, 2019: Captain Russ left Andre Johnson to die after he had been Stabbed multiple times and went home.

(13) August 31, 2019: major washington, captain kelly and captain Russ tried to 'kill Andre Johnson. Review of Camp C Tiger-1-Tier and Shower video recording on the tier show Andre Johnson was behind bars inside the shower without vents when major washington sprayed Andre Johnson with the maximum amount of chemical agent Short time after, captain kelly sprayed Andre Johnson with a second maximum amount of chemical agent when there was no reason to spray a man Stab multiple times requesting for medical assistance. "Andre Johnson have been the target of a Campaign of retaliation, numerous false write ups, threats, verbal assaults, physical assaults, and Sexual assults. Andre Johnson have went months without access to the phone to call him family, months without access to the 369 days without access yard or recreation

13

months without access to the commissary, Confinement in his cell for about 3 hours per week, denial of access to rehabilitative Programs to go home on his Pardon board, Significantly inadequate accesse to legal research materials and accesse to legal research from inmate Counsels assistance. A fact finder Could "undisputedly" conclude from these facts that retaliatory continue Placement in administrative segregation confinment would "deter a person of ordinary firmness from exercising his Constitution Rights.

14

V.    Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Compensatory damages in the amount of $100,000.00 against Marcus Jones and LSP jointly and severally. A Jury trial on all issues triable by Jury Plaintiffs costs in this suit. Any additional relief this Court deems just, proper and equitable.

VI.    Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this ___30___ day of ___March___, 20_20_.

_____ 375946

Signature of plaintiff(s)

15

FIRST PAGE

Exhibt B

EXHIBIT 14

SCANNED at LSP and Emailed
11.30.2020 by KC, 54 pages
date        initials  No.

RECEIVED
NOV 30 2020
Legal Programs Department

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON                 CIVIL ACTION

     VERSUS                   19-896-BAJ-RLB

MARCUS JONES

MOTION TO OBJECT TO THE MAGISTRATE
JUDGE REPORT AND RECOMMENDATION

NOW INTO COURT, Comes Plaintiff,
Andre Johnson who object to the
magistrate Judge mistakes as follow:

     The magistrate Judge ("MISAPPREHED")
Civil Action Claim 19-896 with Civil Action Claim
19-788 (See EXHIBIT"A")

     Plaintiff's Amend Civil Action Claim 19-896
do not asserts the plaintiff alleges that on
November 19, 2018 he engaged in protected
speech on part of a white EMT who was
being subjected to racial remarks while
having urine and feces thrown on him. The
Plaintiff's remarks in favor of the EMT angered

①

Nicholas Sanders. Sanders stood in front of the plaintiff's cell, waved his fists in the air and made obscene remarks before punching the plaintiff in his chest through the cell bars. Defendant Jones then sprayed the plaintiff with a chemical agent while the plaintiff was in his cell. Shortly after a cell entry team was called and plaintiff was pulled out of his top bunk causing him to fall headfirst on the concrete floor. While on the floor. While on the floor, the plaintiff was beaten by Nicholas and other members of the cell entry team. (See Exhibit A Plaintiff amended complaint)

3.

In Plaint complaint Civil Action 19-896 as amended, the plaintiff claim that "on November 19, 2018 "deliberately" filed false disciplinary charges by Marcus Jones that (After he sprayed Andre Johnson with a chemical agent he remove him from his cell, place Andre Johnson Inside the shower to remove the chemical agent and issued him a clean jump suit") in retaliation for Nicholas Sanders excessive force. Review of CBD Administrative lockdowns cameras

②



Video recording footages Provide "UNDISPUTED" evidence that marcus Jones "DiD NOT" remove Andre Johnson out his cell, place him in the Shower and Issued him a clean Jump Suit as fabricated in his disciplinary Report, Andre Johnson lost sight in his left eye for four months, as of today both eyes have pain, blurry and cause pain to his head when he can not get his prescribe medication.

4.

"The Prison Officals themselves were supposed to review CBD Administrative lockdown Tier Cameras video recording for exculpatory video evidence as Andre Johnson requested and they did not. Because the prison did not review any of the exculpatory recorded evidence Andre Johnson Due process was Violated. (See Exhibit A)

5.

"LSP ruling was "not" supported by any evidence", all LSP could state in there frivolous ruling was:
"major marcus Jones states that You are claming that you were not allowed to Shower after having been exposed to Chemical Agent(s)".

6

Andre Johnson (did "NOT") claim, "you are claming that you were not allowed to shower after having been exposed to Chemical Agent (s)

③

7.

Andre Johnson claims that Marcus Jones "intentionally" filed false disciplinary charges that after Marcus Jones Sprayed Andre Johnson with a Chemical agent, he remove him from his cell, Place Andre Johnson in the Shower to remove the chemical agent and Issued him a clean Jump Suit, is part of a pattern of false disciplinary actions taken against him, in retalliation for his excerose of a Constitutional right. (See Exhibit A)

8.

Marcus Jones had "Knowingly and falsely" issued "unjustified" disciplinary ticket (See Exhibit A)

9.

Also, Andre Johnson was denied the procedural due process protections first set forth in [Wolf v McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974)] After Marcus Jones falsified his disciplinary report that he went to Andre Johnson cell and offered him a advance written notice of the charge no less than 24 hours before the hearing but Andre Johnson refuse the Disciplinary report.

10.

"CBD Administrative lockdown video cameras recording footages provide "UNDISPUTED" evidence that Marcus Jones "Never" appeared before CBD CELL Two

4

with an advance written notice of Andre Johnson charge in his hand offer the disciplinary report to Andre Johnson, Andre Johnson was "NOT" Afforded the basic protections required by due Process, to be given advance copy of the Written notice.

11.

Prison officals unknown were supposed to review CBD Administrative lockdown tier Video cameras recording for exculpatory Video evidence as Andre Johnson requested and they did not.

12.

The Case number ARP-2019-0135 that was wrongfully offered against Andre Johnson were altered and falsified

13.

The fact that case number ARP-2019-0135 FIRST STEP RESPONSE FORM used In evidence against him in LSP ruling differed from the dulicates furnished to Andre Johnson. An omission and an apparent inconsistency that appeared on Andre Johnson's copies of "TWO" LSP-2019-0135 FIRST STEP RESPONSE had been "Undisputedly" fabricated.

5

14.

Therefore Andre Johnson Request for administrative Remedy "undisputedly" had been "altered and falsified at the First Level.

15.

The "altered and falsified ruling fabicated: ("All the Issue in ARP LSP-2019-0384 had Already been address in ARP 2019-0135 and will not be address again").

16.

Let the Record reflect "ARP-2019-0384 had (NOT") been address in ARP-2019-0135 ("NO WHERE")

17.

LSP-2019-0135 do "NOT" indicate nothing about "a Shower or JUMP Suite".

18.

LSP 2019-0384 FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT) was "falsified" the "alter" part relating AFTER Andre Johnson was sprayed, he was taken to LSP Treatment Center, Then he was taken to TU and place on 4 point by Nicholas Sanders, evidence was "ALTER" because CBD Unit cameras Video footages "NEVER" Showed Andre Johnson removed from his cell and place in a Shower nor given a orange Jump Suit.

⑥

19.

CBD Unit Cameras video recording "UNDISPUTEDLY" indicate Andre Johnson "ONLY" been taken out CBD Unit front door to LSP treatment Center, the Video Cameras recording "Never" will show Marcus Jones given Andre Johnson orange Jump suite nor let him out the Cell and place Plaintiff in the Shower.

20.

The LSP ruling was not supported by any evidence.

21.

First, Plaintiff present his objections in corresponding order according to Magistrate Judge misapprehed of Civil action 19-896 Amend with Civil Action 19-788 allegations.

22.

Second, The Magistrate Judge misapprened the following: "undertaking the foregoing analysis, the courts finds that the plaintiff has failed to allege that there is direct evidence of motivation or Chronlogy of events from which retaliation may be plausibly inferred.

23

Plaintiff Contend that (Review of CBD Administratve Lockdown Cameras Video recording footages Provide "UNDISPUTED" evidence that on November 19, 2018 Marcus Jones "DELIBERATELY"

7

filed false disciplinary charges that "After he sprayed Andre Johnson with a chemical agent he romve him from His cell, place Andre Johnson inside the shower to remove the chemical agent and issued him a clean orange jump suit. The video swas claim and is more then direct evidence of motivation and amend claim 19-896 pages 8, 9, 10, 11, 12 and 13 infact set forth a chronology of events from which retaliatory animus on the part of marcus Jones could arguably be infered.

24.
Third, Plaintiff disagres with this statement and presents the following: The Magistrate Judge misapprehed ("The Plaintiff alleges that, on an unspecified date he stated to an unspecified person that he was going to inform the FBI of certain misconduct by unspecified correctional officers at LSP.

25.
Plaintiffs that Amend claim 19896 do "NOT" alleged or is misapprehed- plaintiff stated ("The plaintiff alleges" that on an unspecified date, he stated to an unspecified person that he was going to inform the FBI of certain misconduct by unspecified correctional officers at LSP. This statement is not in Amend claim 19-896.

8

26.

Plaintiff disagree with this statement and presents the following: The Magistrate Judge misapprened Amend Claim 19-896 indicated ("Without any specific information regarding the plaintiff's alleged statement that he would inform the FBI of misconduct by Correctional officers.

27

Plaintiff contends that Amend Claim 19-896 do not allege anything about inform the FBI. (See EXHIBIT A).

28

Finally CBD Video Cameras proved "undisputed evidence" that no other inmates were engaging in behavior that disturbed the order of the institution (CBD on November 19, 2018) and Plaintiff did not attempted it to intervene in any matter on November 19, 2018 but his own situation

29.

Regarding reporting misconduct of Correctional officers to the FBI is another situation or claim just for the record contact agent JOHN M. ROTHLEUTNER cell (225) 337-5363; Telephone (225) 291-1067 for contact dates 18134 E. Petroleum Drive

9

Baton Rouge, La 70809

30.
Complaint should not be dismissed for failure to state claim unless it appears beyond doubt that Plaintiff can prove no set of facts is support of his claim which would entitle him to relief. ('CBD Low Right Video cameras recording on the tier provide undisputed facts in support of Plaintiff claim which would entitle him to relief.

31
Plaintiff complaint is sufficient to survive motion to dismiss failure to state a claim, Because Andre Johnson brought this action Pro se, the complaint should not be held to as rigoras a standard as formal pleading prepared by an attorney. Haines V Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed 2d 652 (1972); Conley V Gibson 355 U.S 41, 4546, 78 S.Ct. 99 101-02, 2 L.Ed. 80 The court is also required at this stage to accept his allegation as true. Cooper V Pate, 378 U.S. 546 84 S.Ct. 1733, 12 L.Ed 2d 1030 (1946).

32,
Woods V Smith, 60 F.3d 1161, 1165 (5th Cir. 1995) It is prohibited for prison officials to take action against an inmate in retaliation for the inmate exercise of his Constitutional rights

10

33.

Dixon v Brown 38 F.3d 79 (C.A.8 (mo.) 1994)
(violated Dixons First Amendment right of
Petition by bring a false disciplinary Charge
against Dixon in retaliation); Franco v kelly, 854 (2d Cir. 1988)
Mithouse v Carlson, (C.A.3 (Pa.) (1981
Sprouse v Babcock 870 F.2d 450 (C.A.8. (Iowa) 1989)
("deliberate filing of false disc.plinary")
    Although filing of false disciplinary
Charge is not itself actionable under § 1983,
filing of disciplinary charge becomes
actionable if done in retaliation

34.
    REQUEST FOR Attorny to aid me
we do not have the Funds, I can not
get any help, I'm lost I have no Idea
what I'm really doing I try and copy of
these wrong guard lawers. Help me get
Justice

WHERE FORE, Plaintiff request the Court to Grant his law Suit and a review of CBD Administrative lockdown Tier cameras video recording on November 19, 2018 provide undispute evidence to support this claim.

11-24-2020
Dated

ANDRE JOHNSON    3096
Lousiana State Prison
Angola LA 70712

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE & Correct

ANDRE JCW